## Bricker's Administrators *versus* Dull.

1. Where under rules of court the plaintiff was notified by defendants that he was required to file, within twenty days, a statement of the demand he intended to make on the trial, and he failed to comply, and twelve years afterwards having obtained leave to amend his declaration, he filed special counts and offered evidence of his demand, the court rejected the evidence on the ground that plaintiff could not supply the want of notice of what he intended to prove on the trial by special counts twelve years after the special matter was demanded, and directed the jury to find for defendants. *Held*, not to be error.

2. A delay of twelve years, in applying for leave to amend a declaration, is out of all reason and fatal to the success of the efforts of the plaintiff to cure a defect arising from his original neglect.

June 9th 1876. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and WOODWARD, JJ. SHARSWOOD and WILLIAMS, JJ., absent.

Error to the Court of Common Pleas of *Dauphin county* : Of May Term 1876, No. 113.

This was an action of assumpsit, brought by Elizabeth A. and William H. Bricker, administrators of James Bricker, deceased, against James J. Dull, impleaded with Thomas Collins, doing business as Collins, Dull & Co., to recover the price of goods and supplies alleged to have been furnished by James Bricker to the subcontractors of defendants, who had a contract to build the road of the Bedford Railroad Company.

Plaintiffs alleged that Collins, Dull & Co. agreed to pay for said goods and supplies out of the moneys coming to them from the railroad company, on the estimates of the sub-contractors, as soon as the same should be received by them and be due, and to which agreement the sub-contractors had assented.

The action was originally brought by James Bricker, who was then living, in August 1861.

A general declaration was filed on the 9th of October 1863, and on the 24th of October 1863 the defendant, Dull, appeared and pleaded non-assumpsit, payment with leave, &c.

On the 2d of January 1864 notices in writing were served on the counsel of plaintiffs by defendant, requiring them, within twenty days thereafter, to exhibit the paper or papers upon which plaintiffs' action was founded and to file in the case a written statement of the account or demand it was proposed to give in evidence and rely on at the trial in accordance with the following rules of court:—

Rule 67. "Either party to an action may require in writing of the other party an exhibition of any paper or papers upon which the action is founded, or which is relied on as a defence, and to have copies thereof, if necessary, made at his own expense, within twenty days after such requisition, and upon the refusal of either party to make such exhibition or permit such copies to be made, the same shall not be given in evidence on the trial."

[Bricker's Adm'rs v. Dull.]

Rule 68th. "If the plaintiff's action be a general assumpsit, not founded on a writing, he shall upon a reasonable request before the defendant be compelled to plead, or where a plea has been entered, within twenty days after such request, file together with his declaration, a written statement of the account or demand that he purposes to give in evidence and rely on at the trial, and on failure so to do, no evidence thereof shall be received."

No action was taken by the plaintiffs in response to these notices and no further steps had in the cause until the 28th of January 1873, when upon the suggestion of the death of plaintiff his administrators were substituted, and on the 28th of May following the case was ordered for trial.

On the trial the plaintiffs offered evidence containing two items of the plaintiff's demand, to which the defendant objected on the ground that he had not been furnished with copies of papers or statement of plaintiff's demand, as required by the notices served upon plaintiff's counsel, under the 67th and 68th rules, which evidence having been admitted by the court, and the verdict being for the plaintiff, this admission was assigned for error, and the case was brought before this court where the judgment of the lower court was reversed. (See Dull v. Bricker, 26 P. F. Smith 255.)

The new plaintiffs afterwards moved for leave to amend the declaration by filing counts specially setting forth the nature of plaintiff's claim, and accompanied by copies of certain written orders drawn by various persons in favor of Bricker, and accepted either in writing or by parol by defendant.

On the 23d of May 1876, the court permitted the declaration to be amended by filing the new counts, but gave notice that on the trial they should exclude all evidence to support these counts for want of notice of the special matter as required by the rules of court and notice served in 1864.

Upon the second trial before Pearson, P. J., the plaintiffs offered several of these orders in evidence, claiming that under the new declaration filed by leave of the court, these papers were evidence being specially declared on, and that rule 68th did not apply where there were special counts setting out the papers and furnishing a copy thereof.

The court rejected the evidence for want of notice of the claim intended to be presented and made on the trial, and said that this want of notice could not be supplied by a special *narr.* filed nearly twelve years after notice of the special matter was demanded, and directed the jury to find a verdict for the defendants.

Plaintiffs excepted and exceptions being sealed they took this writ, assigning for error the action of the court.

*J. W. Simonton*, for plaintiffs in error.—To construe rule 68th as the court below would do is to give it the force and effect of a

decree of strict foreclosure against any plaintiff who fails to file the "written statement" within twenty days after request, and this in the face of the Act of 1806, which gives until and on the trial to complete the pleadings. The rule as thus construed and applied and the Act of Assembly cannot stand together. The Act of 1836, Bright. Purd. 233, pl. 136, which enacts that the Common Pleas may make rules provides " that such rules shall not be inconsistent with the constitution and laws of this Commonwealth." The power to make rules is certainly limited by this proviso : Barry *v.* Randolph, 3 Binn. 279; Boas *v.* Nagle, 3 S. & R. 253. By the common-law principles of pleading and evidence a party has the right to support the legally made averments in his declaration by legal evidence : Patterson *v.* Winn, 5 Pet. 233 ; Mills *v.* Bank of United States, 11 Wheat. 439; and yet the court below in this case denied this right and based the denial on an omission to comply with a rule of court. This court has decided that if the defendant is precluded at the trial from giving evidence of special matter by omission to give previous notice thereof, he may amend his plea under the Act of Assembly, and set forth the special matter in such plea, and it is error in the court to refuse permission to do so: Sharp *v.* Sharp, 13 S. & R. 444; Yost *v.* Eby, 11 Harris 327.

*Francis Jordan* and *B. F. Etter*, for defendant in error.—In the case of Sharp *v.* Sharp, 13 S. & R. 444, cited by plaintiffs in error, there does not seem to have been any rule of court regulating the pleadings, and in this respect it differs from this case. Chief Justice Gibson in McCay *v.* Burr, 6 Barr 153, said " that the defendant" who sought to cure a defect in his notice of special matter by filing a special plea " was precluded by the latter and better interpretation of the Act of 1806, from supplying the deficiency in his notice of special matter by embodying with it the additional matter in a special plea." Plaintiff cannot, by amending his pleadings, avoid the effect of his failure to comply with a rule of court; Thompson *v.* Hough, 9 Leg. Int. 46. The Act of 1806 applies only to informalities in the pleadings, and will not permit an amendment which introduces a new cause of action ; especially if barred by the Statute of Limitations : Bank *v.* Israel, 6 S. & R. 293; Tryon *v.* Miller, 1 Whart. 11; Coxe *v.* Leighman, 1 Id. 287 ; Root *v.* O'Neill, 12 Harris 226 ; Gardner *v.* Post, 7 Wright 19 ; Trego *v.* Lewis, 8 P. F. Smith 463. The rules of court are easily observed and should not be relaxed upon slight pretexts: Beyer *v.* Fenstermacher, 2 Whart. 97 ; Sullivan *v.* Johns, 5 Id. 368. Nor should equivalents for compliance with a rule be accepted: Erwin *v.* Leibert, 5 W. & S. 103 ; Wilson *v.* Irwin, 14 S. & R. 177. Nor should evidence be received unless notice be given as required by the rules of court : Rentzheimer *v.* Bush, 2 Barr 88 ;

[Bricker's Adm'rs *v.* Dull.]

Covely *v.* Fox, 1 Jones 171; Brown *v.* Herron, 4 Yeates 561; Mc-Clurg and Trevor *v.* Willard, 5 Wright 278. Upon the omission to furnish the particulars according to the demand the evidence of plaintiff was properly rejected: Daniel *v.* Wilver, 12 Harris 516; Finlay *v.* Stewart, 6 P. F. Smith 183; Dull *v.* Bricker, 26 Id. 255.

Mr. Justice Woodward delivered the opinion of the court, October 9th 1876.

This suit was brought to August Term 1861. A general declaration in assumpsit was filed on the 9th of October 1863, and on the 24th of that month pleas of non-assumpsit and payment with leave were entered by the defendant. At that point the record stops until the 6th of May 1873, when the cause was ordered for trial. It was tried the next day, a verdict and judgment were obtained, a writ of error was taken, and in July 1874, the judgment was reversed. After the return of the record, on the 12th of February 1876, the plaintiffs were permitted to file a special declaration in which their cause of action was specifically set forth. On the 2d of January 1864, after the cause was at issue, the defendant's counsel gave notice to the counsel of James Bricker, then living, and the plaintiff on the record, to file within twenty days any paper or papers on which the action was founded, and to file, also, within twenty days, a written statement of the account or demand proposed to be given in evidence and relied on at the trial. These notices were authorized by the 67th and 68th rules of the Common Pleas, which provided that in case of failure to file the papers and statement required, no evidence of such papers or of the plaintiff's account or demand should be received. No action was taken in pursuance of the notices on the part of the plaintiff, and it was to meet the exigencies of the case created by this neglect that the application to amend the declaration was made. At the last trial the court below were of the opinion that the defect of the record caused by the omission to comply with the provisions of the rules was not cured by the amendment after the long delay, and accordingly they rejected the evidence offered and directed a verdict for the defendant.

It appears from the pleadings that this controversy grew out of a transaction between James Bricker and the firm of Collins, Dull & Co., who were contractors for the construction of the road of the Bedford Railroad Company. Bricker furnished goods and supplies to three sub-contractors, Keating, McCabe and Dhrew, and for these the plaintiffs alleged that Collins, Dull & Co. agreed to pay out of the estimates on the sub-contracts. The special declaration set out the amounts assumed by the defendant's firm on account of Keating at $524.20; on account of McCabe at $240; and on account of Dhrew at $1259. The aggregate of the principal sums was $2023.20. This was a pretty significant amount, and it was claimed out of a

[Bricker's Adm'rs *v.* Dull.]

somewhat complicated transaction. There was a lapse of more than twelve years between the requisition for notice of the plaintiff's demand and the amendment of the declaration. More than nine years expired after the requisition before any step was taken to secure the trial of the cause. If the specification of the claim had been filed within a reasonable time, even after the expiration of the twenty days, or if, in lieu of the specification, the application to amend the declaration had been reasonably prompt, adequate relief would undoubtedly have been afforded by the court below. But a delay of twelve years was fatal to the success of the efforts of the plaintiffs to cure a defect arising from their intestate's original neglect. In The Farmers' and Mechanics' Bank *v.* Israel, 6 S. & R. 293, a delay of nine years in applying for leave to amend a declaration was said to be "out of all reason," and the same remark may be well applied to a case like this, involving an inquiry into the accounts of five distinct parties interested in a railroad contract, which, so far as the purposes of this suit are concerned, is shown by the record to have been executed for a period of fifteen years. The fact that the amendment was allowed was not enough to justify the admission of the evidence.　　　　　　Judgment affirmed.